IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITY HEALTH PLANS INSURANCE
CORPORATION,

          Plaintiff,

    v.                                          Case No. 13-CV-845

IOWA HEALTH SYSTEM d/b/a
UNITYPOINT HEALTH,

          Defendant.

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR EXPEDITED HEARING AND BRIEFING SCHEDULE

       Defendant Iowa Health System, d/b/a UnityPoint Health ("UnityPoint Health"), by and through counsel of record, opposes Plaintiff, Unity Health Insurance Corporation's ("Unity"), Motion for Expedited Hearing and Briefing Schedule ("Motion").  Unity's motion to expedite omits several important facts; it is without merit and should be denied.

       Unity argues that its motion for preliminary injunction was "made as expeditiously as possible" prior to a January 1, 2014, scheduled closing of an Affiliation Agreement between UnityPoint Health and Meriter Health Services ("Meriter"), after which UnityPoint Health will utilize the name UnityPoint in Wisconsin in connection with affiliated hospitals and clinics. (Motion at 2.)  UnityPoint Health disputes this contention.

       As evidenced in Unity's motion for preliminary injunction, UnityPoint Health filed for federal trademark registration of its UnityPoint trademarks in May 2012, thus providing nationwide constructive notice of its intention to use the mark UNITYPOINT. (Dkt 13-19, ¶ 6,

Ex . A.)[1] Unity could therefore have raised an objection well over a year ago, but it did not.  Still further, a public announcement of the Affiliation Agreement between UnityPoint Health and Meriter was made in the Wisconsin State Journal on October 11, 2013.  (Dkt 13-12)  On October 25, 2013, Unity's President and CEO Terry Bolz contacted UnityPoint Health requesting that the parties enter into some type of "co-existence" arrangement and the parties met to discuss the same on November 11, 2013. (Dkt 13-19, ¶¶ 13-15, Exs. C and D.)  Despite having this knowledge in early November 2013, Unity did not file its Complaint in this Court until December 9, 2013—and indeed did not even seek a request for underlined preliminary injunctive relief therein.  (Dkt. 1, pp. 10-11.)  If Unity believed it was critical to have this motion heard prior to the January 1 closing date, it most certainly could have filed a motion for preliminary injunction earlier, thus allowing for a standard briefing schedule, without interfering with the year-end holidays.  Instead, Unity waited until after 4:30 pm on Friday, December 20, 2013, to serve UnityPoint Health with its motion for preliminary injunction together with the request for an expedited briefing and hearing schedule.

Significantly, this is Unity's second attempt to interfere with UnityPoint Health's entry into the Wisconsin marketplace.  On December 6, 2013, Unity filed with the Wisconsin Commissioner of Insurance (Case No. 13-C35798) a Motion and Opposition in the Matter of the Acquisition of Control of Physicians Plus Insurance Corporation ("PPIC") by Iowa Health Systems d/b/a UnityPoint Health.  (Attached hereto as Exhibit A is a true and correct copy of the Motion and Opposition filed by Unity with the Office of the Commissioner of Insurance ("OCI")).  Therein, despite the fact that the PPIC name was never intended to be changed, Unity objected to the affiliation, arguing that there would likely be joint marketing of PPIC and

---

[1] UnityPoint Health adopted the UNITYPOINT mark, and initiated its federal registration, well prior to contemplating any affiliation in Wisconsin. Unity's suggestion that UnityPoint Health adopted this mark with some intention of exploiting Unity's name in Wisconsin, therefore, is entirely baseless.

UnityPoint Health in Wisconsin.  OCI denied Unity's motion on December 18, 2013, finding that any alleged confusion was purely speculative.  (Attached hereto as Exhibit B is a true and correct copy of the OCI Decision denying Unity's Motion to Intervene).

Unity filed this federal lawsuit while its motion with OCI was pending.  Unity's failure to include a request for preliminary injunction in its Complaint suggests an intention to keep this information hidden from UnityPoint Health up until the point at which Unity actually filed the motion, thereby minimizing UnityPoint Health's notice and time for response.  This is highly problematic since many of the UnityPoint Health and Meriter employees likely to have information needed for UnityPoint Health's response to the motion for preliminary injunction are on vacation and thus are difficult to contact. UnityPoint Health likewise would like to depose Christina Venn, Tonya Wiegert and Kate Wodziak, the affiants proffered by Unity who allege there have been incidents of actual confusion, and believes it would be impossible to do so prior to January 1, 2014, or on any other expedited basis.

Unity's motion to expedite also fails to recognize that January 1 merely represents the closing date for the corporate transaction between UnityPoint Health and Meriter.  This date does not translate into immediate name changes on signage and advertising materials; indeed, as UnityPoint Health made clear in the OCI proceeding, and therefore Unity well knows, UnityPoint Health and Meriter have not yet finalized any specific dates upon which it will be launching any actual name change, nor have they finalized the precise usage of the UNITYPOINT mark.  Consequently, there is simply no urgent need for this matter to be heard prior to January 1, 2014.

Because at all times between October 11, 2013 and December 20, Unity was aware of the January 1, 2014 closing date—and it learned nothing during that intervening period which would tend to increase its alleged harm—Unity should not now be allowed to rely on the "urgency" of

this impending date to force an expedited briefing and hearing schedule during the year-end holidays.  For all of these reasons, UnityPoint Health requests that this Court deny Unity's Motion for Expedited Hearing and Briefing, and that a normal briefing schedule be set, including time for some expedited discovery prior to UnityPoint Health's response to plaintiff's motion for preliminary injunction.

Respectfully submitted this 27th day of December, 2013.

Edmund J. Sease
Christine Lebrón-Dykeman
Alexandria M. Christian
Mark D. Hansing
McKEE, VOORHEES & SEASE, P.L.C.
801 Grand Avenue, Suite 3200
Des Moines, IA 50309-2721
Phone:  515-288-3667
Fax:  515-288-1338
Email:  ed.sease@ipmvs.com
Email:   mark.hansing@ipmvs.com
Email:  christine.lebrondykeman@ipmvs.com
Email:  alex.christian@ipmvs.com
Email:  mvslit@ipmvs.com


QUARLES & BRADY LLP

*/s/ Gregory T. Everts*
_____
Gregory T. Everts
State Bar No. 1001636
33 East Main Street, Suite 900
Madison, WI 53703
608-283-2460
Fax:  608-294-4911
Email:  gregory.everts@quarles.com

*ATTORNEYS FOR DEFENDANT IOWA HEALTH SYSTEM d/b/a UNITYPOINT HEALTH*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 27, 2013, I filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the following:

John C. Scheller
Michelle L. Dama
Albert Bianchi, Jr.
MICHAEL BEST & FRIEDRICH LLP
One South Pinckney Street, Suite 700
Madison, WI 53703
Email:   jcscheller@michaelbest.com
mldama@michaelbest.com
abianchi@michaelbest.com

*/s/Gregory T. Everts*

_____

Gregory T. Everts

5